IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00105-BNB

ERIC MARSHALL,

Plaintiff,

v.

KEVEN ESTEP, Director, Cheyenne Mountain Re-Entry Center,
ARISTEDES W. ZAVARAS, Executive Director, Colo. Dept. of Corrections, and
JOHN DOE, Colorado Education Center, Owner of CMRC,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 26 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Eric Marshall, currently is in the custody of the Colorado Department of Corrections and is incarcerated at Kit Carson Correctional Center in Burlington, Colorado. Mr. Marshall has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Marshall is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Marshall will be ordered to file an Amended Complaint.

The Court has reviewed the Prisoner Complaint filed by Mr. Marshall and finds that it is deficient. Mr. Marshall appears to assert violations of his Eighth and Fourteenth Amendment rights. Nonetheless, he fails to assert how each named Defendant violated his constitutional rights.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Marshall must show that each named defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Marshall fails to assert how Defendants personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges how all named Defendants personally participated in the alleged constitutional violates. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Marshall also should note that he may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Plaintiff uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

2

ORDERED that Mr. Marshall file **within thirty days from the date of this Order** an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Marshall, together with a copy of this Order, two copies of the Prisoner Complaint form for use in filing the Amended Complaint. It is

FURTHER ORDERED that if Mr. Marshall fails to file an Amended Complaint that complies with this Order, within the time allowed, the action will be dismissed without further notice.

DATED January 26, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00105-BNB

Eric Marshall
Prisoner No. 83492
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 1/26/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk