IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00105-PAB-BNB

ERIC MARSHALL,

Plaintiff,

v.

KEVIN ESTEP, Warden/Director (CMRC),
JOHN DOE, Supervisor (AM) Segregation Unit (CMRC), and
JOHN DOE, Supervisor (PM) Segregation Unit (CMRC),

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. The order states, in part, the following:

> However, although he need not pay an initial partial filing fee, Mr. Marshall remains obligated to pay the required $350.00 filing fee through monthly installments as directed in this Order. Accordingly, it is
>
> * * *
>
> FURTHER ORDERED that Mr. Marshall may proceed in this action without payment of an initial partial filing fee. Plaintiff remains obligated to pay the full amount of the required $350.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1). It is
>
> FURTHER ORDERED that, until the $350.00 filing fee is paid in full, Mr. Marshall shall make monthly payments to the Court of twenty percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Mr. Marshall is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this Order. In order to show cause, Plaintiff must file a current certified copy of his trust fund account statement. It is

> FURTHER ORDERED that if Mr. Marshall fails to have the appropriate monthly payment sent to the Clerk of the Court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the action will be dismissed without prejudice and without further notice.

*Order Directing Clerk to Commence Civil Action and Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial Partial Filing Fee* [Doc. # 2], pp. 2-3.

On May 21, 2009, I directed the plaintiff to show cause in writing why he did not make monthly payments to the court or show cause why he could not make payments for the months of January, February, March, and April 2009 [Doc. #28]. I advised the plaintiff that it is not acceptable for him to meet his monthly obligations only when specifically called upon by the court through an order to pay or show cause because such a procedure unreasonably burdens the court. Consequently, I directed the plaintiff, by the **15th day** of **each** month and without any further notice from or order of the court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment. I warned the plaintiff that if he failed thereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I would recommend that the case be dismissed for failure to comply with my order [Doc. #28] and with the order allowing plaintiff to proceed *in forma pauperis* and without payment of his initial partial filing fee [Doc. #2].

On May 29, 2009, the plaintiff filed a copy of his trust fund account statement which showed a negative balance for the months of January, February, March, and April 2009. The plaintiff did not explain why he did not send the monthly account statements when they were

due. On June 18, 2009, the plaintiff filed a copy of his trust fund account statement which showed a negative balance for the month of May 2009. Again, he did not provide any explanation for his failure to file monthly trust fund account statements for the months of January, February, March, and April 2009. Moreover, despite my orders and warnings, the plaintiff has not made monthly payments to the court nor has he shown cause why he cannot make payments for the months of June, July, August, and September 2009.

In Cosby v. Meadors, 351 F.3d 1324 (10th Cir. 2003), the Tenth Circuit Court of Appeals addressed the issue of the failure of a civil rights plaintiff to comply with a district court's orders to make partial payments towards his filing fee or to show cause why he could not do so. In affirming the district court's order dismissing the case, the circuit court began its analysis by noting:

> The issue here is not money per se. . . . The issue, rather, is respect for the judicial process and the law. Plaintiff must lose his right to pursue his claim in court because of his utter unwillingness to make the minor sacrifices required by statute and by the repeated directives of a patient district court.
>             *   *   *
> These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.

Id. at 1326-27 (internal citations and quotations omitted). Although the misconduct reported in the Cosby case was substantially more egregious than the misconduct here, the circuit court noted that its "review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice." Id. at 1334.

The plaintiff has failed to comply with the Court's orders of January 21, 2009, and May 20, 2009, both requiring the plaintiff either to make a monthly filing fee payment or to show cause why he cannot. Local rule of practice 41.1, D.C.COLO.LCivR, states:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge may enter an order of dismissal with or without prejudice.

Before recommending dismissal of a case under Fed. R. Civ. P. 41(b), I must consider and address the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), which include (1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective. See Cosby, 351 F.3d at 1333.

I find that any prejudice suffered by the defendant as a result of the plaintiff's failure to comply with the Court's orders is minimal and, without more, would be insufficient to warrant dismissal.[1] See Ehrenhaus, 965 F.2d at 921.

With regard to the second factor, the plaintiff's continued failure to comply with court orders has caused disruption in my docket. Rather than attending to the merits of this case and other cases, I have been required to devote attention to this plaintiff's failure to comply with court orders and §1915(b). In addition, as noted in the Cosby case, the plaintiff's failure to

---

[1] I do note, however, that the purpose behind requiring prisoners to pay their filing fees is to deter frivolous prisoner litigation. Williams, 116 F.3d at 1127-28. Defendants, like the courts, are burdened by frivolous civil rights cases. Thus, civil rights defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.

comply with his obligation to make payments or show cause demonstrates a lack of respect for the judicial process and the law; it undermines the uniform application of the rules towards *in forma pauperis* litigants, many of whom comply with their obligations; and it substantially interferes with the ability of the Court to exercise its case administration authority.  Where, as here, a party flaunts a court's orders, the fundamental mechanism by which justice is administered is harmed.

With regard to the issue of culpability, I find that the plaintiff alone is responsible for his noncompliance.

The plaintiff has had ample warning that his case would be dismissed for noncompliance with the payment or reporting requirements.  On January 21, 2009 [Doc. #2], and on May 20, 2009 [Doc. #25], I warned the plaintiff that his failure to pay or show cause would result in a recommendation that the case be dismissed.  Id. at p.2.

Finally, I conclude that no sanction less than dismissal would be effective.  The plaintiff is proceeding *in forma pauperis*; consequently a monetary sanction would be ineffective. Because the injury from the plaintiff's failures to comply principally is to the judicial system, and not the defendants, a sanction limiting the plaintiff's ability to present evidence would bear no substantial relation to the misconduct.  Under these circumstances, I am convinced that dismissal of this case without prejudice is an appropriate sanction.

I respectfully RECOMMEND that the plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1 for his failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or show

cause each month that he has no assets with which to make the monthly payment, as directed by the court's orders of January 21, 2009 and May 20, 2009.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 22, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge