# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Philip A. Brimmer

Civil Case No. 09-cv-00105-PAB-BNB

ERIC MARSHALL,

    Plaintiff,

v.

KEVIN ESTEP,

    Defendant.
_____

# ORDER ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE
_____

This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 38], which recommends that the Court dismiss plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and D.C.COLO.LCivR 41.1. On January 21, 2009, the magistrate judge granted plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Although the magistrate judge's order permitted plaintiff's initiation of this suit without prepayment of the filing fee, the magistrate judge also made it clear that plaintiff was not absolved of his duty to pay that fee. To that end, the magistrate judge ordered

> that until the $350.00 filing fee is paid in full, Mr. Marshall shall make monthly payments to the Court of twenty percent of the preceding month's income credited to his account of show cause why he has no assets and no means by which to make each monthly payment. Mr. Marshall is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this Order. In

order to show cause, Plaintiff must file a current certified copy of his trust
fund account statement.

Order Directing Clerk to Commence Civil Action & Granting Pl. Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial Partial Filing Fee [Docket No. 2] ("January 21, 2009 Order") at 3.  The magistrate judge also warned in this order

> that if Mr. Marshall fails to have the appropriate monthly payment sent to
> the Clerk of the Court each month or to show cause each month as
> directed above why he has no assets and no means by which to make
> the monthly payment, the action will be dismissed without prejudice and
> without further notice.

January 21, 2009 Order at 3.

Four months passed during which time plaintiff neither made payments nor filed a document explaining why he could not do so.  On May 21, 2009, the magistrate judge issued an order to show cause by June 19, 2009 which directed the plaintiff to either make the required monthly payments for the months of January, February, March, and April 2009 or to show cause why he could not.  Order to Show Cause [Docket No. 25] at 2, 3.  In that same order, the magistrate judge also directed plaintiff,

> by the 15th day of each month and without any further notice from or
> order of the court, either to make the required monthly payment for each
> preceding month or to file a certified copy of his inmate trust fund account
> statement for the preceding month demonstrating that he has no assets
> and no means by which to make the monthly payment.

Order to Show Cause [Docket No. 25] at 2, 3.  The magistrate judge then advised plaintiff that "making purchases at the canteen in lieu of making his required monthly

2

payments fails to demonstrate good cause for his nonpayment." Order to Show Cause at 3. Finally, the magistrate judge stated that

> [i]f plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this order and with the orders allowing plaintiff to proceed *in forma pauperis* and without payment of his initial partial filing fee.

Order to Show Cause at 3.

On May 29, 2009, plaintiff filed a completed form entitled "Motion to File Without Payment of Filing Fee and Supporting Financial Affidavit" which indicated that plaintiff had no income or assets and an inmate account balance of –$839.70 [Docket No. 28 at 1]. Plaintiff attached to this form a certified copy of his inmate trust account for the period between November 1, 2008 and May 20, 2009 [Docket No. 28 at 2-4]. Plaintiff did not explain why he had failed to file this information at the time it was due. Plaintiff then filed monthly statements on June 18, 2009 and July 20, 2009, each accounting for the previous month, but neither of the statements explained plaintiff's failures to comply with the filing payment/show-cause requirement between January and May 2009 [Docket Nos. 32, 33]. Plaintiff did not make a payment or file a paper showing cause for the failure to do so again until October 21, 2009. The next day, the magistrate judge issued his Recommendation that plaintiff's case be dismissed [Docket No. 38]. In deciding whether to dismiss this case, the magistrate judge considered the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). I agree and adopt that analysis in its entirety.

3

I also make some additional observations. First, while the account statements that plaintiff did submit all show a negative balance, plaintiff appears to continue to make debits against that account for canteen purchases and at least four court filing fees in another case. *See, e.g.*, Docket Nos. 28 at 2; Docket No. 46 at 3. The Court also notes that subsequent to the magistrate judge's Recommendation, plaintiff again missed a payment/show-cause deadline in January 2010. On February 22, 2010, plaintiff filed his account statement which covered the two previous months [Docket No. 46] but offered no explanation for the missed January filing.

As a result, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 38] is ACCEPTED and plaintiff Eric Marshall's case is dismissed. It is further

**ORDERED** that defendant Kevin Estep's motion to dismiss [Docket No. 18] and plaintiff Eric Marshall's motion for an extension of time [Docket No. 30] are DENIED as moot. It is further

**ORDERED** that the clerk shall forthwith enter judgment in favor of defendant Kevin Estep and against plaintiff Eric Marshall.

DATED March 11, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge